UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTINA LOPEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br><br>　　　　Defendant. | Case No.14-cv-03395-JSC<br><br>**ORDER RE: MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 26 |

　　　　In this Social Security appeal, Plaintiff Ernestina Lopez moves for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Dkt. No. 26.) Defendant Carolyn W. Colvin, the Commissioner of the Social Security Administration ("SSA"), has filed a response taking no position on Plaintiff's motion. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Plaintiff's motion for fees.

## BACKGROUND

　　　　This case stems from Plaintiff's appeal of the SSA's denial of social security disability benefits for a combination of impairments including lumbar spondylosis, right foot and ankle pain due to a crush injury in 1999, and bilateral fasciitis of the feet. On May 21, 2015, the Court granted Plaintiff's motion for summary judgment, denied Defendant's cross motion for summary judgment, and remanded to the SSA for an award of benefits, concluding that the Administrative Law Judge ("ALJ") provided legally insufficient reasons for rejecting the opinion of Plaintiff's treating physician in lieu of the consultative medical expert. (Dkt. No. 21.) On June 19, 2015, pursuant to the parties' stipulation, the Court awarded $4,000 in fees to Plaintiff's counsel pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 25.)

　　　　On remand, the Commissioner initially calculated past-due benefits at $106,667 from

which the Commissioner withheld 25%, or $26,666.75, of those past-due benefits to cover Plaintiff's attorney's fees. (Dkt. No. 26 at 9; Dkt. No. 26-2 at 1-6 [1]) The amount withheld was based on a contingent fee agreement between Plaintiff and her counsel, the Law Offices of Lawrence D. Rohlfing. Among other things, that agreement provides that "the fee for successful prosecution of [an action for judicial review] is a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court." (Dtk. No. 26-1.) Two weeks after her initial notice of retroactive benefits, the Commissioner notified Plaintiff that she would receive an additional $23,866 for past-due child benefits. (Dkt. No. 26-2.) Plaintiff's retroactive benefits thus total $130,533. (Dkt. No. 26 at 9.)

Pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel now moves for attorney's fees in the amount of $26,600, which is less than 25 percent of Plaintiff's total retroactive benefits, with counsel to reimburse Plaintiff the $4,000 in EAJA fees previously paid by the Commissioner. (Dkt. No. 26.) Plaintiff's counsel served Plaintiff with a copy of the motion for attorney's fees and supporting papers, but Plaintiff has not filed a response or raised any objections to the fee request. (Dkt. No. 26 at 2.) The Commissioner filed a response taking no position on the request for fees. (Dkt. No. 27.)

**LEGAL STANDARD**

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a [social security] claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee" to claimant's attorney; such a fee can be no more than 25% of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand. *See, e.g.*, *Crawford v. Astrue,* 586 F.3d 1142 (9th Cir. 2009) (en banc); *Wells v. Colvin*,

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

No. 12-CV-05287-JST, 2015 WL 4072847, at *1 (N.D. Cal. July 2, 2015).

Under Section 406(b), a court must serve "as an independent check" of contingency fee agreements "to assure that they yield reasonable results." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, [Section] 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-09. The court's review of a fee agreement is based on the character of the representation and the results achieved, *see Gisbrecht*, 535 U.S. at 808, and can include analyzing: whether counsel provided substandard representation; any dilatory conduct by counsel to accumulate additional fees; whether the requested fees are excessively large in relation to the benefits achieved; and the risk counsel assumed by accepting the case. *See Crawford,* 586 F.3d at 1151-52; *Wells*, 2015 WL 4072847 at *1.

A court must offset an award of Section 406(b) attorneys' fees by any award of fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

**ANALYSIS**

Plaintiff's counsel has demonstrated that the amount of fees requested is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807. First, while not dispositive, Plaintiff and counsel's contingency fee agreement is within the 25% threshold permitted under Section 406(b), as the agreement provides that counsel will not ask for a fee of more than 25% of total past-due benefits awarded. (Dkt. No. 26-1.) Further, counsel in fact seeks an award of less than that amount as counsel's requested fees represent 20.4% of the total past-due benefits awarded. Second, there is no indication that a reduction of fees is warranted due to any substandard performance by counsel or that counsel delayed these proceedings in an effort to increase the amount of fees awarded. To the contrary, counsel provided substantial work and achieved favorable results for Plaintiff as he succeeded in having the Court remand this matter to the Commissioner for an award of benefits. Nor is the amount of fees, $26,600, excessive in relation

to the past-due benefits award of $130,533.[2]  *See, e.g.*, *Conner v. Colvin*, No. 13-CV-03324-KAW, 2016 WL 5673297, at *3 (N.D. Cal. Oct. 3, 2016) (awarding $17,746.00 in fees following a retroactive benefits award of $94,987.60); *White v. Colvin*, No. 14-CV-05584-EMC, 2016 WL 5358587, at *1 (N.D. Cal. Sept. 26, 2016) (awarding $31,067.25 in fees following an award of $124,269.80 in past-due benefits); *Perry v. Astrue*, No. 09-CV-04908-MEJ, 2013 WL 6440955, at *1 (N.D. Cal. Dec. 9, 2013) (awarding $64,091.75 in fees following a retroactive benefits award of $256,367). Lastly, the Court finds that Plaintiff's counsel assumed a substantial risk of not recovering fees when he accepted this case.  Plaintiff and counsel entered into the contingency fee agreement prior to the filing of this action.  (Dkt. No. 26-1.)  At that time, the Agency had completely denied Plaintiff any requested benefits, and counsel could not know that the Court would remand to the Commissioner for an award past-due benefits.

Accordingly, the Court finds that the amount of requested fees is reasonable.

## CONCLUSION

For the reasons described above, the Court GRANTS Plaintiff's motion for fees.  The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $26,600.00, payable to the Law Offices of Lawrence D. Rohlfing.  Plaintiff's counsel is ordered to refund the previously awarded EAJA fees, in the amount of $4,000.00, to Plaintiff.

This Order disposes of Docket No. 26.

**IT IS SO ORDERED.**

Dated: January 17, 2017

_Jacqueline Scott Corley_
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[2] The Court notes that a fee award of $26,600 for 23.5 hours of attorney time reflects an effective hourly rate of just over $1,131 per hour.  While is a very high effective hourly rate, the Court nonetheless approves the fee award because the *Crawford* factors on balance weigh in favor of a finding that the fees sought here are reasonable.  *See Smith v. Astrue*, No. 06-2373 DAD, 2011 WL 5024462, at *2 n.3 (E.D. Cal. Oct. 20, 2011) (reaching similar conclusion regarding a $20,715.45 fee award for 20.4 hours of work).